Louis L. Friedman, J.
Petitioner applies under article 78 of the Civil Practice Act for an order modifying the determination of the State Rent Administrator and granting said petitioner an increase in rent for a certain apartment in the premises on E. 19th Street, owned by said petitioner. It appears from the papers before the court that the petitioner’s original application to the rent commission was for an increase in the mfl.-yimnm rent for the subject apartment from $117.85 per month to $150.78 per month because of alleged increased services. Said application for an increase was made pursuant to the provisions of section 33 (subd. 1) of the State Rent and *464 Eviction Regulations, except that the request for part of the said increase was made under subdivision 4 (par. [a], cl. [5]) of section 4 of the State Residential Rent Law, as amended. That section provided that an adjustment in maximum rents could be made where a voluntary written agreement for increased services had been entered into between the landlord and the tenant. The application for such increase made to- the Rent Administrator was finally approved by him except with respect to one item, the requested increase for which was $2.75 per month. In other words, the Rent Administrator did increase the maximum rent from $117.85 per month to $148.03 per month, but refused to grant the increase for the additional $2.75 requested. This latter requested increase was for the installation of 11 new Venetian blinds.
Before the Rent Administrator, and upon this application, petitioner takes the position that the installation of such new Venetian blinds, to replace old ones which were in the premises, was tantamount to providing additional services, for which an increase is justified. Petitioner argues that the blinds which were discarded and replaced by the new ones, were in good and serviceable condition and did not need replacement, but that such replacement was made solely upon the basis of the request made by the tenant. Respondent, the Rent Administrator, contends that the mere replacement of existing facilities such as were the blinds in this case, is not equivalent to providing new or increased services, and that the denial of the petitioner’s request for such increase, is within the jurisdiction of the Administrator.
It has been held that mere continuance of a service which the landlord has maintained and is already bound to maintain is not an increase in nor addition to existing services. (See Matter of Schneider v. McGoldrick, 141 N. Y. S. 2d 492; Matter of Nirenberg v. McGoldrick, 141 N. Y. S. 2d 622.)
It is clear from the foregoing, that it was for the Rent Administrator to determine whether the replacement of existing facilities was of such a nature and character as would come within the State Residential Rent Law and the regulation promulgated thereunder. There is nothing before the court to justify a conclusion that the action taken by the Rent Administrator was arbitrary or capricious and under the circumstances disclosed by the record, the petition must be and is dismissed.